Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**COMPLAINT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ISAURO MORALES BASURTO and RUBEN
PEREZ VAZQUEZ, *individually and on behalf*
*of others similarly situated,*

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF CASE**

*Plaintiffs*,

-against-

36 TOYAMA SUSHI INC. (d/b/a Atoyama
Sushi), ATOYAMA SUSHI CORP. (d/b/a
Atoyama Sushi), FENG LI, and PING CAO

*Defendants.*
------------------------------------------------------X

    Plaintiffs Isauro Morales Basurto and Ruben Perez Vazquez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against 36 Toyama Sushi Inc. (d/b/a Atoyama Sushi), Atoyama Sushi Corp. (d/b/a Atoyama Sushi) ("Defendant Corporations"), Feng Li, and Ping Cao, allege as follows:

## NATURE OF THE ACTION

    1.    Plaintiffs are present employees of defendants 36 Toyama Sushi Inc. (d/b/a Atoyama Sushi), Atoyama Sushi Corp. (d/b/a Atoyama Sushi), Feng Li, and Ping Cao (collectively "Defendants").

2.      Defendants own, operate, or control a Japanese restaurant located at 11 West 36th Street, New York, New York 10018 under the name Atoyama Sushi.

3.      Upon information and belief, individual defendants Feng Li, and Ping Cao serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs are primarily employed as delivery workers, but they are required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to, ripping apart cardboard boxes and tying them up, cleaning bathrooms, cleaning windows, cleaning the basement, cleaning the kitchen, cleaning the bar, taking out the trash, washing dishes, stocking deliveries, stocking the refrigerator, mopping, sweeping the dining area, filling containers with supplies for tables, filling sauce containers, bringing drinks and other supplies upstairs from the basement, arranging the food, preparing stations, and preparing dressings (Hereafter the "Non-tipped, Non-delivery Duties").

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they have worked.

6.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have worked over 10 hours per day.

- 2 -

8.      Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties have required greater or equal time spent in non-tipped, non-delivery duties.

9.      Regardless, at all times Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

10.     Under state law, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y.C.R.R. §146.

11.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees.  This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay Plaintiffs at the lower tip-credited rate (which they still have failed to do).

12.     In addition, defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from Plaintiffs' and other tipped employees' wages.

13.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

- 3 -

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims have occurred in this district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese restaurant located in this district.  Further, Plaintiffs are employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

19.     Plaintiff Isauro Morales Basurto ("Plaintiff Basurto" or "Mr. Basurto") is an adult individual residing in New York County, New York.  Plaintiff Basurto has been employed by Defendants from approximately August 11, 2013 until the present date.

20.     Plaintiff Ruben Perez Vazquez ("Plaintiff Vazquez" or "Mr. Vazquez") is an adult individual residing in New York County, New York.  Plaintiff Vazquez has been employed by Defendants from approximately May 5, 2015 until May 01, 2017 and from May 13, 2017 until the present date.

*Defendants*

21.     At all relevant times, Defendants own, operate, or control a Japanese restaurant located at 11 W. 36th Street, New York, N.Y. 10018 under the name "Atoyama Sushi."

22.     Upon information and belief, 36 Toyama Sushi Inc. (d/b/a Atoyama Sushi) is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 11 W. 36th Street, New York, New York 10018.

23.     Upon information and belief, Atoyama Sushi Corp. (d/b/a Atoyama Sushi) is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 11 W. 36th Street, New York, New York 10018.

24.     Defendant Feng Li is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Feng Li is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Feng Li possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiffs, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Ping Cao is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Ping Cao is sued individually in his capacity as owner, officer and/or agent of the Defendant corporations. Defendant Ping Cao possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations.  He determines the wages and compensation of the employees of Defendants, including Plaintiffs, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.     Defendants operate a Japanese restaurant located in the midtown district Section of Manhattan in New York City.

27.     The individual defendants, Feng Li and Ping Cao possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possess substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, individual defendants Feng Li and Ping Cao operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b.  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed corporations,

f.  intermingling assets and debts of their own with Defendant Corporations,

    g.   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h.   other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants are Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

34.     In each year from 2011 to the present, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce.  As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.     The Plaintiffs are present employees of Defendants who are ostensibly employed as delivery workers.  However, they spend a considerable amount of time performing the Non-tipped, Non-delivery Duties described above.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Isauro Morales Basurto*

38.     Plaintiff Basurto has been employed by Defendants from approximately August 11, 2013 until the present date.

39.     Defendants ostensibly employ Plaintiff Basurto as a delivery worker.

40.     However, Plaintiff Basurto is also required to spend a significant portion of his work day performing the Non-tipped, Non-delivery Duties described above.

41.     Although Plaintiff Basurto is ostensibly employed as a delivery worker, he spends over two hours of each day performing non-delivery work.

42.     Plaintiff Basurto regularly handles goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Basurto's work duties require neither discretion nor independent judgment.

44.     Plaintiff Basurto regularly has worked in excess of 40 hours per week.

45.     From approximately August 11, 2013 until on or about January 2017, Plaintiff Basurto worked from approximately 10:30 a.m. until on or about 9:30 p.m. 5 days a week , and from approximately 10:30 a.m. until on or about 10:00 p.m., 1 day a week (typically 66.3 hours per week).

46.     From approximately January 2017 until the present date, Plaintiff Basurto has worked from approximately 10:30 a.m. until on or about 9:00 p.m. 5 days a week , and from approximately 12:00 p.m. until on or about 10:00 p.m. 1 day a week (typically 61.5 hours per week).

47.     Plaintiff Basurto has always been paid his wages in cash.

48.     From approximately August 11, 2013 until on or about May 2014, Defendants paid Plaintiff Basurto a fixed salary of $300 per week.

49.     From approximately May 2014 until on or about January 2017, Defendants paid Plaintiff Basurto a fixed salary of $360 per week.

50.     From approximately January 2017 until the present date, Defendants have paid Plaintiff Basurto a fixed salary of $390 per week.

51.     Plaintiff Basurto's pay has not varied even when he has been required to stay late or work a longer day than his usual schedule.

52.     In fact, before January 2017 Defendants frequently required Plaintiff Basurto to work 30 minutes past his regularly scheduled departure time, one day a week, and did not pay him for the additional time he worked.

53.     Defendants only have granted Plaintiff Basurto a 15 to 20 minute meal break even though they have him sign a sheet which falsely states that he is given a one hour break.

54.     Plaintiff Basurto has never been notified by Defendants that his tips are being included as an offset for wages.

55.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Basurto's wages.

56.     In addition, Defendants, have withheld a portion of the tips clients pay Plaintiff Basurto. Specifically, Defendants have pocketed 10% of all the credit card and "Seamless Web" tips clients have written in for Plaintiff Basurto. Plaintiff Basurto estimates that he has lost approximately $50 in tips he has earned per week.

57.     From approximately August 11, 2013 to the present date, Defendants have required Plaintiff Basurto to sign a document every day in order to receive his salary; that document has false tip amounts, a schedule that falsely states he has a one hour break and a blank space for his salary.

58.     Furthermore, Defendants have not provided Plaintiff Basurto with a statement of wages with each payment of wages, as required by NYLL 195(3).

59.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Basurto regarding overtime and wages under the FLSA and NYLL.

60.     Defendants have not provided any notice to Plaintiff Basurto, in English and in Spanish (Plaintiff Basurto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants have required Plaintiff Basurto to purchase "tools of the trade" with his own funds—including two bicycles and bike supplies and maintenance.

*Plaintiff Ruben Perez Vazquez*

62.     Plaintiff Vazquez has been employed by Defendants from approximately May 5, 2015 until May 1, 2017 and from May 13th 2017 until the present date.

63.     Defendants ostensibly have employed Plaintiff Vazquez as a delivery worker.

64.     However, Plaintiff Vazquez has been required to spend a significant portion of his work day performing the Non-tipped, Non-delivery Duties described above.

65.     Although Plaintiff Vazquez is ostensibly employed as a delivery worker, he spends over two hours of each day performing non-delivery work throughout his employment with Defendants.

66.     Plaintiff Vazquez regularly handles goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Vazquez's work duties require neither discretion nor independent judgment.

68.     Throughout his employment with Defendants, Plaintiff Vazquez regularly has worked in excess of 40 hours per week.

69.    From approximately May 05, 2015 until on or about January 01, 2017, Plaintiff Vazquez worked from approximately 10:30 a.m. until on or about 9:30 p.m. on Mondays, from approximately 11:00 a.m. until on or about 10:00 p.m. Tuesdays through Fridays and from approximately 12:00 p.m. until on or about 10:00 p.m. on Saturdays (typically 65 hours per week).

70.    From approximately January 1, 2017 until on or about May 2017, Plaintiff Vazquez worked from approximately 11:00 a.m. until on or about 10:00 p.m. Mondays, Wednesdays, Thursdays and Fridays, from approximately 10:30 a.m. until on or about 3:00 a.m. on Tuesdays and from approximately 12:00 p.m. until on or about 10:00 p.m. on Saturdays (typically 58.3 hours per week).

71.    From approximately May 13, 2017 until the present date, Plaintiff Vazquez has worked from approximately 11:00 a.m. until on or about 10:00 p.m. Mondays, Wednesdays, Thursdays and Fridays, from approximately 10:30 a.m. until on or about 3:00 p.m. on Tuesdays and from approximately 12:00 p.m. until on or about 10:00 p.m. on Saturdays (typically 58.3 hours per week).

72.    Throughout his employment with Defendants, Plaintiff Vazquez has been paid his wages in cash.

73.    From approximately May 05, 2015 until on or about January 01, 2017, Defendants paid Plaintiff Vazquez a fixed salary of $360 per week.

74.    From approximately January 01, 2017 until on or about May 2017, Defendants paid Plaintiff Vazquez a fixed salary of $330 per week.

75.    From approximately May 13, 2017 until the present date, Defendants have paid Plaintiff Vazquez a fixed salary of $330 per week.

76.     Plaintiff Vazquez's pay did not vary even when he worked a longer day than his usual schedule.

77.     In fact, prior to January 1, 2017 defendants required Plaintiff Vazquez to work 30 to 45 minutes past his scheduled departure time 2 or 3 days a week and did not compensate him for the additional time he worked.

78.     Plaintiff Vazquez has never been notified by Defendants that his tips are being included as an offset for wages.

79.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Vazquez's wages.

80.     In addition, prior to May 13 2017, defendants withheld 10% of all the tips clients paid Plaintiff Vazquez, claiming that this illegal deduction was for paper and ink.

81.     From approximately May 05, 2015 to the present date, Defendants have require Plaintiff Vazquez to sign a document every day in order to get paid; that document has false tip amounts, a schedule that falsely states he has a one hour break and a blank space for his salary.

82.     Furthermore, Defendants have not provided Plaintiff Vazquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

83.     No notifications, either in the form of posted notices or other means, have been given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

84.     Defendants have not provided any notice to Plaintiff Vazquez, in English and in Spanish (Plaintiff Vazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

85.     Defendants have required Plaintiff Vazquez to purchase "tools of the trade" with his own funds—including two bicycles, a helmet, chain and lock, lights and tires.

*Defendants' General Employment Practices*

86.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

87.    Plaintiffs have been and continue to be victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they are owed for the hours they have worked.

88.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

89.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly have harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice has included depriving delivery workers of a portion of the tips earned during the course of employment.

90.    Defendants unlawfully have misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

91.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

92.    At no time have Defendants informed Plaintiffs that they have reduced their hourly wage by a tip allowance.

- 14 -

93.     Defendants habitually have required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

94.     Defendants have required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

95.     Plaintiffs are employed ostensibly as tipped employees by Defendants, although their actual duties include greater or equal time spent performing non-tipped duties.

Regardless, Plaintiffs are paid at a rate that is below the required lowered tip-credited rate by Defendants.  However, under state law, Defendants are not entitled to a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146-2.9.

96.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

97.     Plaintiffs' duties are not incidental to their occupation as delivery workers, but instead constitute entirely unrelated general restaurant work with duties including the Non-tipped, Non-Delivery Duties described above.

98.     In violation of federal and state law, as discussed above, Defendants have classified Plaintiffs as tipped employees but have not even paid them at the required lowered tip-credited rate when they should have classify them as non-tipped employees and paid them at the minimum wage rate.

99.     Defendants have failed to inform Plaintiffs who receive tips that Defendants intend to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

- 15 -

100.    Defendants have failed to inform Plaintiffs that their tips are credited towards the payment of the minimum wage.

101.    Defendants have failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

102.    All Plaintiffs are paid their wages entirely in cash.

103.    Defendants have required Plaintiffs to sign documents with false tips amounts, false meal periods and blank earning mounts in order to get paid

104.    Upon information and belief, these practices by Defendants are done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) work, and to avoid paying Plaintiffs properly for their full hours worked.

105.    Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

106.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

107.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

108.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

109.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

110.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

111.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

112.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

113.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

114.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

115.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

118.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

119.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

120.    In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate.

121.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

122.    Plaintiffs, and the putative FLSA Class members, have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs , and the putative FLSA Class members, overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

126.    Plaintiffs, and the putative FLSA Class members, have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

129.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

130.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

131.    Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

134.    Defendants have failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

135.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

136.    Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

137.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of

the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-1.6.

139.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of New York Lab. Law § 663.

140.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

141.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

143.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

144.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

145.    With each payment of wages, Defendants have failed to provide Plaintiffs with a

statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular

hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

146.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys fees.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS OF THE NEW YORK LABOR LAW)

147.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

148.    Defendants unlawfully and without permission from Plaintiffs have

misappropriated and withheld gratuities paid by customers which should have been retained by

Plaintiffs.

149.    Defendants' action violates NYLL §196-d.

150.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the

pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiffs (including the prospective collective class members);

(f)      Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants have violated the tip withholding provisions of the New York Labor Law;

(m)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiffs;

(n)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages and improper withholding of gratuities, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

- 24 -

(r)      Awarding Plaintiffs (including the prospective collective class members) the

expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.


Dated: New York, New York
       July 27, 2017

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                            By:     /s/ Michael A. Faillace
                                    Michael Faillace & Associates, P.C.
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 19, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                    Isauro Morales Basurto

Legal Representative/ Representante     Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                     July 19, 2017

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 19, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                          Ruben Perez Vazquez

Legal Representative/ Representante          Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                               July 19, 2017

*Certified as a minority-owned business in the State of New York*