# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2540　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

July 2, 2018

**BY ECF**
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
UNITED STATES COURTHOUSE
40 FOLEY SQUARE, COURTROOM 1105
NEW YORK, NY 10007

　　　　　　　Re:　　Basurto et al v. 36 Toyama Sushi Inc. et al; 17-cv-05702-JMF

Your Honor:

　　　　This office represents Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

　　　　The parties have agreed to a negotiated settlement after extensive settlement discussions. Defendants have agreed to provide Plaintiffs with a Consent Judgment (the "Judgment") in order to resolve Plaintiffs' claims.[1] A copy of the Judgment is attached hereto as "Exhibit A."[2] We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and to enter the Judgment against Defendants.

　　　　Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

　　　　Specifically, Plaintiffs were employed as delivery workers by Defendants at their restaurant, Atoyama Sushi. Plaintiffs allege Defendants forced Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiffs also allege Defendants violated the spread of hours, wage statement, and notice and recordkeeping provisions of the NYLL.

　　　　**I.　　The Proposed Settlement is Fair and Reasonable**

---

[1] Defendants are not providing Plaintiffs with any additional consideration outside of the Judgment. Once the Court has entered the Judgment, it will then be incumbent upon Plaintiffs to enforce the Judgment and collect it.

[2] Defendants have also asked Plaintiffs' firm to sign a stipulation concerning the Judgment. A copy of said stipulation is attached as "Exhibit B." Though Plaintiffs themselves have not signed the stipulation, they have been given a copy of it translated in Spanish, and have agreed to its terms.

July 2, 2018
Page 2

Under the settlement, Defendants will provide Plaintiffs with the Judgment in the amount of $100,000, consisting of damages for Plaintiffs of $66,667 and attorneys' fees and costs of $33,333.

Plaintiffs allege they are entitled to back wages of approximately $113,451.50 from Defendants. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorneys' fees, they would be entitled to approximately $295,565.40.  A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit C."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiffs, the duties of the Plaintiffs and the method of Plaintiffs' pay. Defendants produced employment records contradicting much of Plaintiffs' claims regarding the hours they worked.  Plaintiffs disputed the accuracy of these records.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Additionally, Defendants have consistently argued they do not have the resources to satisfy the potential judgment Plaintiffs might receive at trial.  The defendant restaurant, Atoyama Sushi, is closed.  Defense counsel has indicated he is on the verge of withdrawing from the case because Defendants are financially strained.  Lastly, one of the most powerful indicators the Defendants are suffering financially, *is the fact they are willing to consent to a $100,000 judgment*.

Plaintiffs would prefer receiving a judgment against Defendants now rather than proceeding to trial and either: (1) winning less; or (2) winning more and not being able to collect it.  "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."  Lliguichuzhca v Cinema 60, LLC, 948 F Supp 2d 362, 364 (SDNY 2013).  As such, Plaintiffs believe the settlement is reasonable.

    **II.**    **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will be entitled to $33,333 of the Judgment of $100,000. This represents one third of the Judgment, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm.

Our lodestar in this case is $5,850[3]. While the amount we are asking to be apportioned to us in the Judgment is more than our lodestar, it is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.    Jesse Barton is an associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and was selected as a Super Lawyers Rising Star for 2016 and 2017.

---

[3] A copy of Plaintiffs' attorneys' billing statement for this matter, with the attorneys' contemporaneous time entries, is annexed as Exhibit D.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            <u>/s/Michael Faillace</u>
                                            Michael Faillace
                                            MICHAEL FAILLACE & ASSOCIATES, P.C.
                                            Attorneys for the Plaintiffs

Enclosures