```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
   ISAURO MORALES BASURTO et al.,                                       :
                                                                        :
                                    Plaintiffs,                         :    17-CV-5702 (JMF)
                                                                        :
                  -v-                                                   :    ORDER
                                                                        :
   36 TOYAMA SUSHI INC. et al.,                                         :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      On June 1, 2018, Plaintiffs in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed a Notice of Settlement. (Docket No. 34). By Order entered June 4, 2018, the Court directed the parties to submit their settlement and a joint letter explaining why the Court should approve the settlement, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). (Docket No. 36 ("Settlement Letter"))

      The Court, having reviewed the parties' joint letter and settlement agreement, finds that the settlement is fair and reasonable, given both the nature and scope of Plaintiffs' individual claim as well as the risks and expenses involved in additional litigation (including Defendants' financial condition). *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiffs no longer works for the defendant, as is the case here, *see* Settlement Letter 2 (noting that the "defendant restaurant, Atoyama Sushi, is closed"); *cf. Lujan*

*v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

Plaintiffs also seek the Court's approval to allocate $33,333 of the settlement to attorney's fees and costs. (Settlement Letter 3). In evaluating an attorney's fee request, a court must consider: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *See Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000). In addition to considering those factors, commonly referred to as the *"Goldberger* factors," a court may use one of two methods to calculate attorney's fees: the "lodestar" method or the "percentage of the fund" method. *See, e.g., McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010). Either way, a court should continue to be guided by the *Goldberger* factors when determining what constitutes reasonable attorney's fees. *See, e.g., Baffa v. Donaldson Lufkin & Jenrette Secs. Corp.,* No. 96-CV-583 (DAB), 2002 WL 1315603, at *1 (S.D.N.Y. June 17, 2002).

After due consideration of all the *Goldberger* factors, the Court finds that the proposed attorney's fee award is excessive. Most significantly, the size of the requested fee in relation to the total settlement — approximately 33% — is unreasonably high given the actual work that counsel did on the case and the complexity of the issues raised in this litigation. Although courts

in this Circuit typically approve attorney's fees that range between 30 and 33%, *see Guzman v. Joesons Auto Parts,* No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP,* No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 481 (S.D.N.Y. 2013), the circumstances here do not warrant the award of such a high proportion.

Plaintiffs' counsel's request is excessive in light of the first *Goldberger* factor: time and labor. Plaintiffs tallied less than fifteen hours of work in this case, for a lodestar amount of $5,850. The paltry amount of work done in this case is even more noteworthy in light of the stage of litigation at which the case settled: the parties represented that they had completed discovery and were preparing for trial, (*see* Docket No. 30), yet the billing records seem to indicate that no discovery at all was produced or reviewed, (*see* Settlement Letter 13). Plaintiffs now seek fees that are more than five times the lodestar amount. In light of the limited time and labor Plaintiffs' counsel exhibited in this case, the Court concludes that such an award is "simply too great here in light of the limited records of the attorneys' work performed in this case." *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (reducing fees in FLSA case where the one-third award was several times greater than the lodestar calculation); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (same).

In addition, this case involved a standard wage-and-hour dispute. In light of the seeming lack of complexity of legal issues at play in the case — perhaps best exemplified by the lack of hours billed — and Plaintiffs' counsel's time and labor, the Court finds that an award of 20% is more than sufficient to compensate Plaintiffs' counsel, and that anything above that percentage would be unreasonable. Accordingly, the Court awards attorney's fees of $20,000. The Court

also awards Plaintiffs' counsel $731.00 in costs related to this action, for a total award of $20,731.  The remainder of the overall award shall go directly to Plaintiff.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: July 20, 2018
       New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge